
# ANDERSON KILL P.C.

Attorneys and Counselors at Law

1251 AVENUE OF THE AMERICAS ■ NEW YORK, NY 10020
TELEPHONE: 212-278-1000 ■ FAX: 212-278-1733
www.andersonkill.com

Jerry S. Goldman, Esq.
Jgoldman@andersonkill.com
212-278-1569

*Via ECF*　　　　　　　　　　　　　　　　　　　　　　　　　　November 15, 2024

The Honorable George B. Daniels　　　　　The Honorable Sarah Netburn
U.S. District Judge　　　　　　　　　　　　　　U.S. Magistrate Judge
United States District Court　　　　　　　　　United States District Court
Southern District of New York　　　　　　　Southern District of New York
Daniel P. Moynihan United States Courthouse　　Thurgood Marshall United States Courthouse
500 Pearl Street　　　　　　　　　　　　　　　40 Foley Square, Room 430
New York, NY 10007　　　　　　　　　　　　New York, NY 10007

>  *Re:* *In re Terrorist Attacks on September 11, 2001*, No. 03-MDL-1570 (GBD)(SN); *Estate of John P. O'Neill, Sr., et al. v. The Republic of Iraq et al.*, 1:04-cv-1076 (GBD)(SN); *Estate of John Patrick O'Neill, Sr., et al. v. Kingdom of Saudi Arabia, et al.*, No. 1:04-cv-01922 (GBD)(SN); *Jessica DeRubbio, et al. v. Islamic Republic of Iran*, No. 1:18-cv-05306 (GBD)(SN); *Horace Morris, et al. v. Islamic Republic of Iran*, No. 1:18-cv- 05321 (GBD)(SN); *Alexander Jimenez, et al. v. Islamic Republic of Iran*, No. 1:18-cv-11875 (GBD)(SN); *Estate of John P. O'Neill, Sr., et al. v. Republic of the Sudan, et al.*, 1:18-cv-12114 (GBD)(SN); *August Bernaerts, et al. v. Islamic Republic of Iran*, No. 1:19-cv-11865 (GBD)(SN); *Justin Strauss, et al. v. Islamic Republic of Iran*, 1:22-cv- 10823 (GBD)(SN); *Celestine Kone, et al. v. Islamic Republic of Iran*, 1:23-cv-05790 (GBD)(SN); *Danielle Kelly, et al. v. Islamic Republic of Iran, et al.*, No. 1:23-cv-07283 (GBD)(SN); *Gladys Lopez, et al. v. Islamic Republic of Iran, et al.*, No. 1:23-cv-08305 (GBD)(SN); *Patricia Fennelly, et al. v. Islamic Republic of Iran*, No. 1:23-cv- 10824 (GBD)(SN); *Mary Jelnek, et al. v. Islamic Republic of Iran*, 1:24-cv-05520 (GBD)(SN) – Anderson Kill P.C. Response to Sudan's November 12, 2024 Letter

Dear Judge Daniels and Magistrate Judge Netburn:

We write in response to Mr. Curran's November 12, 2024 letter, purportedly sent on behalf of the Republic of the Sudan ("Sudan"), **(1)** responding to the Plaintiffs' Executive Committees' ("PECs") November 11, 2024 letter (ECF No. 10523)[1], **(2)** opposing entry of a clerk's certificate of default on behalf of the plaintiffs in the above-referenced actions for the reasons set forth in its November 6, 2024 letter (ECF No. 10511) and Motion to Set Aside

---
[1] ECF numbers refer to entries on the MDL docket unless otherwise noted.

Anderson Kill P.C.

The Honorable George B. Daniels
The Honorable Sarah Netburn
November 15, 2024
Page 2

Default (ECF No. 10514), and **(3)** requesting that a certificate of default not be entered in favor of plaintiffs in the *Strauss*, *Kone*, *Kelly*, *Lopez*, *Fennelly*, and *Jelnek* cases for additional reasons.

As to the first and second issues, undersigned counsel respectfully adopts and incorporates by reference the PECs' November 11, 2024 letter (ECF No. 10523) and the PECs' additional response being filed today. Regarding the third issue, as detailed below, plaintiffs in the *Strauss*, *Kone*, *Kelly*, *Lopez*, *Fennelly*, and *Jelnek* properly added Sudan to their existing MDL cases against the Islamic Republic of Iran ("Iran") pursuant to this Court's well-established procedure for adding claims against Sudan to existing MDL cases by Notice to Conform, ECF No. 6547, and Sudan has waived any objection to plaintiffs' use of the Notice to Conform procedure.

### I.  Plaintiffs in *Strauss*, *Kone*, *Kelly*, *Lopez*, *Fennelly*, and *Jelnek* Properly Added Sudan by Notice to Conform

On December 1, 2020 the Court entered a case management order, with Sudan's consent, Approving Notices to Confirm, Short Form Complaints, and Notices of Amendment as to Sudan. ECF No. 6547. The Order states that "[a]ny plaintiff who has a claim pending in this MDL may adopt the Consolidated Amended Complaint as to the Republic of the Sudan, ECF No. 6539 [hereinafter the SCAC]," and that "[u]pon filing a Notice to Conform, the plaintiff's underlying complaint shall be deemed to include the factual allegations, jurisdictional allegations, and jury trial demand of the SCAC." *Id*. at 1. The Order further states that "[i]f the underlying complaint of a plaintiff who files a Notice to Conform does not name Sudan as a defendant, the plaintiff shall be deemed to have added Sudan to his or her constituent case through the filing of the Notice to Conform." *Id.* at 2. The Order further states that "[u]pon service of the Notice to Conform upon the defendant via ECF, the plaintiff's underlying case to conform to the SCAC . . . . shall be deemed to have been served[,] [a]ny motion to dismiss or responsive pleading filed by Sudan in response to the SCAC . . . shall be deemed applicable to all actions in which a Notice to Conform is filed, regardless of when the Notice to Conform is filed[,] . . . [and] a plaintiff shall be deemed to be bound by all decisions rendered in this MDL that relate to all actions, regardless of when the Notice to Conform is filed." *Id.*

Sudan claims that the Notice to Conform procedure only applies to cases that were already part of the MDL on December 1, 2020. Sudan is mistaken. The plain language of the Order states that the Notice to Conform procedure is available to "any plaintiff who has a claim pending this MDL." Nothing in the Order states that plaintiffs had to have a case pending in the MDL on December 1, 2020, and this was neither the Court's nor the parties' intention. If this was its intention, Sudan, which consented to this Order, could have requested that the word "now" or the phrase "as of the date of this Order" or any other limiting phrase be added. Without such a limiting phrase the sentence applies to "any plaintiff who has a claim pending in this MDL." Plaintiffs in *Strauss*, *Kone*, *Kelly*, *Lopez*, *Fennelly*, and *Jelnek* all have claims pending in this MDL. They filed short form complaints against Iran in 2022, 2023, and 2024. *See* respective individual case dockets, ECF Nos. 1 (*Strauss*), 10 (*Kone*), 19 (*Kelly*), 12 (*Lopez*), 1 (*Fennelly*),

**Anderson Kill P.C.**

The Honorable George B. Daniels
The Honorable Sarah Netburn
November 15, 2024
Page 3

and 1 (*Jelnek*). The Court then consolidated these cases into the MDL at our request. The plaintiffs then added Sudan pursuant to the Notice to Conform procedure. This is clearly authorized under the plain language of the Court's case management order. ECF No. 6547 at 1-2. Indeed, the Order specifically contemplates that plaintiffs could file notices to conform *at any time* after the December 1, 2020 Order. *See id.* at 2 ("[a]ny motion to dismiss or responsive pleading filed by Sudan in response to the SCAC . . . shall be deemed applicable to all actions in which a Notice to Conform is filed, *regardless of when the Notice to Conform is filed*.") (emphasis added); *id.* ("a plaintiff shall be deemed to be bound by all decisions rendered in this MDL that relate to all actions, *regardless of when the Notice to Conform is filed*.") (emphasis added). The lack of temporal limits on when a Notice to Conform may be filed strongly suggests that the Notice to Conform procedure was not a static protocol designed to only be available to plaintiffs in the MDL on December 1, 2020. The Notice to Conform procedure also matches this Court's previously endorsed Case Management Order #2, ¶ 12, ECF No. 247, where plaintiffs could be added to pleadings without re-serving defendants. The alternative would have been to file dozens of new cases against Sudan on an already sprawling MDL docket and burdening the Court and Clerk's Office with countless related filings. This efficient procedure is also consistent with those outlined in the Manual for Complex Litigation. *See* 40.52. Mass Tort Case-Management Order, Ann. Manual Complex Lit. § 40.52 (4th ed.) ("Leave to Add Parties. Until otherwise directed, *plaintiffs are granted leave, without need for any special motion or order, to add other plaintiffs to any pending (or subsequently filed, removed, or transferred) case* if all plaintiffs in the case (1) will be represented by the same counsel (or if counsel for existing plaintiffs consent to the intervention), (2) are suing the same defendants, and (3) [were exposed to defendants' products] in the same state. The purpose of this authorization is to avoid unnecessary filing fees and the delays inherent in 28 U.S.C. § 1407 transfers.") (emphases added). As Sudan correctly points out, normally this procedure could not apply to a foreign sovereign without its consent, which is precisely why the short form procedure for filing cases against Iran does not include a Notice to Conform option, ECF No. 5234, because Iran has defaulted and therefore could not consent to service. In contrast, Sudan has appeared and consented to the Notice to Conform procedure, which satisfies the service requirements under the Foreign Sovereign Immunities Act. *See* 28 U.S.C. § 1608(a)(1) (service requirements are satisfied where there is special arrangement for service between the plaintiff and the foreign state); *Marlowe v. Argentine Naval Comm'n*, 604 F. Supp. 703, 707–08 (D.D.C. 1985) (finding a "special arrangement" under 1608(a)(1) where the parties agreed upon method of "[a]ll notices, requests, demands or other communications to or upon the respective parties"). Sudan presumably calculated that it benefitted from not having to file and track separate motions to dismiss against thousands of plaintiffs and therefore agreed to accept service of a Notice to Conform by ECF in exchange for all plaintiffs so added being bound by the Court's ultimate decision regarding a single motion to dismiss. Now that the Court has largely denied Sudan's motion to dismiss, Sudan seeks to distance itself from its own bargain. That is not allowed.

Lending further support to plaintiffs' position, this Court specifically listed *Strauss*, *Kone*, and *Kelly* as cases that its "Memorandum Decision and Order" applied to when it granted

**Anderson Kill P.C.**

The Honorable George B. Daniels
The Honorable Sarah Netburn
November 15, 2024
Page 4

plaintiffs' motion to clarify the August 10, 2023 Order largely denying Sudan's motion to dismiss. *See* ECF No. 9597. As discussed in more detail in Section II, if Sudan truly believed that these cases were not properly listed as cases against Sudan, it should have noted the issue for the Court or to undersigned counsel, but it never did.

Finally, even if Sudan were correct that Notices to Conform could only be filed on behalf of plaintiffs with pending MDL claims on December 1, 2020, plaintiffs in *Strauss*, *Kone*, *Kelly*, *Lopez*, *Fennelly*, and *Jelnek* had pending claims in the MDL on December 1, 2020 by virtue of the putative class actions that were pending on that date (and still are pending) against Sudan and the Kingdom of Saudi Arabia. Sudan need look no further than the Sudan Claims Resolution Act, Pub. L. No. 116-260, 134 Stat. 3291 (2020), that was enacted on December 27, 2020, just 26 days after the Court's December 1, 2020 case management order, which defines "claim[s] pending against Sudan" to include "member[s] of a class certified under Rule 23 of the Federal Rules of Civil Procedure *or as [] putative member[s] of such a class pending certification.*" *Id.*, 134 Stat. at 3295 (emphasis added).

II.   **Sudan Has Waived Any Objection to the Notice to Conform Procedure Utilized By Plaintiffs**

A party waives a legal right when it fails to timely object. *Sands Bros. & Co. v. Zipper*, No. 03 CIV. 7731 (VM), 2003 WL 22439789, at *3 (S.D.N.Y. Oct. 27, 2003) (party waived its right to object to arbitration where it participated in arbitration discovery and moved to stay arbitration over one year after the claim was filed); *In re Vivendi Universal, S.A. Sec. Litig.*, 765 F. Supp. 2d 512, 550 (S.D.N.Y. 2011), *aff'd sub nom. In re Vivendi, S.A. Sec. Litig.*, 838 F.3d 223 (2d Cir. 2016) (a party waives right to object to an inconsistency in a verdict when it waits to object until a post-trial motion); *LaSalle Bank, N.A. v. Capco Am. Securitization Corp.*, No. 02 CV. 9916 (RLC), 2006 WL 1227539, at *1 (S.D.N.Y. May 5, 2006) (waiver of right to object to discovery where a party waited until after an appeal of a final judgment was filed); *CenterCap Grp., LLC v. Optio, Inc.*, No. 15 CIV. 9823 (DAB), 2018 WL 1664886, at *3 (S.D.N.Y. Mar. 14, 2018) (waiver of right to object to misconduct by the arbitrator because it had knowledge of the alleged impropriety but failed to raise its objection until after the Final Award had been entered); *Gov't Emps. Ins. Co. v. Dinesh Verma Med., P.C.*, No. 22CV2893GRBJMW, 2023 WL 1967575, at *3 (E.D.N.Y. Feb. 10, 2023) (waiver of right to object to discovery demands where party failed to respond within the permissible time limits). Here, as detailed below, Sudan has waived objecting to plaintiffs' use of the Notice to Conform procedure because: (1) it did not raise this issue in its motion to dismiss or any other filing for almost 4 years, (2) it did not raise this issue when plaintiffs filed their Notices to Conform, (3) it failed to refute counsel's assertion in prior correspondence that plaintiffs added by Notice to Conform have pending claims against Sudan, and (4) it failed to respond when counsel specifically requested that Sudan confirm that the plaintiffs who added Sudan by Notice to Conform have pending claims against Sudan.

A party that fails to raise certain defenses in a motion to dismiss waives those defenses. Fed. R. Civ. P. 12(h)(1); *Espaillat v. Rite Aid Corp.*, No. 00 CV 2086 (GBD), 2003 WL 721566,

**Anderson Kill P.C.**

The Honorable George B. Daniels
The Honorable Sarah Netburn
November 15, 2024
Page 5

at *3 (S.D.N.Y. Mar. 3, 2003); *see also* § 1391 Waiver of Certain Defenses—Rule 12(h)(1), 5C Fed. Prac. & Proc. Civ. § 1391 (3d ed.) ("If [a] party wishes to raise [certain] defenses, that must be done at the time the first significant defensive move is made—whether it be by way of a Rule 12 motion or a responsive pleading."). Here, Plaintiffs in *Strauss*, *Kone*, *Kelly*, *Lopez*, *Fennelly*, and *Jelnek* filed Notices to Conform adopting the SCAC and subjecting themselves to the motion to dismiss that Sudan filed. But Sudan failed to raise the sufficiency of these Notices to Conform either by amending their motion to dismiss to add this as a defense or filing a letter noting and preserving the issue, and therefore waived it.[2]

      Sudan had ample time to object to the use of Notices to Conform but failed to do so. Since April 2023, plaintiffs represented by undersigned counsel filed Notices to Conform as detailed in the Affirmation of Jerry S. Goldman in Support of Request for Issuance of a Clerk's Certificate of Default, ECF No. 10522. But Sudan failed to file anything with the Court or notify undersigned counsel that it believed these filings were improper. In fact, Sudan concedes it has no objection to the Notices to Conform filed on behalf of thousands of plaintiffs in *Estate of John P. O'Neill, Sr., et al. v. The Republic of Iraq et al.*, 1:04-cv-1076 (GBD)(SN); *Jessica DeRubbio, et al. v. Islamic Republic of Iran*, No. 1:18-cv-05306 (GBD)(SN); *Horace Morris, et al. v. Islamic Republic of Iran*, No. 1:18-cv- 05321 (GBD)(SN); *August Bernaerts, et al. v. Islamic Republic of Iran*, No. 1:19-cv-11865 (GBD)(SN); and *Alexander Jimenez, et al. v. Islamic Republic of Iran*, No. 1:18-cv-11875 (GBD)(SN). Tellingly, on August, 18, 2023, after counsel filed several Notices to Conform, Anderson Kill emailed counsel for Sudan specifically noting that all Anderson Kill clients had added Sudan to their lawsuits by Notices to Conform. *See* Exhibit A. At no point during the meet and confer or in any correspondence with Sudan did it raise any issue regarding plaintiffs' use of Notices to Conform to add claims against Sudan. Indeed, in the context of Sudan's improper appeal, on September 29, 2023, counsel *again* emailed Sudan's counsel to alert them that Sudan had been added as a defendant to several Anderson Kill cases, and Sudan again failed to object. *See* Exhibit B. On these facts, it would be wholly improper to accept Sudan's belated argument objecting to several Notices to Conform filed over a year ago.

      Even if the Court accepts Sudan's argument, the solution could be simple. Since Sudan has not objected to plaintiffs filing Notices to Conform in several pre-December 2020 Anderson Kill cases, including *Estate of John P. O'Neill, Sr., et al. v. The Republic of Iraq et al.*, 1:04-cv-1076 (GBD)(SN), Anderson Kill could seek leave of the Court to amend that complaint to add plaintiffs against, for example, certain defaulted defendants in that case, and then if the Court grants that amendment could then add Sudan to the case as to those newly added plaintiffs by Notice to Conform. Alternatively, plaintiffs could request that the Court authorize the filing of a short-form complaint against Sudan and allow that complaint to include more than 100 plaintiffs.

---

[2] This is presumably why Dubai Islamic Bank and the charity defendants (International Islamic Relief Organization, Muslim World League, World Assembly of Muslim Youth, and Yasin Kadi) negotiated that plaintiffs could amend their complaints to add these defendants on the condition that these defendants reserved the right to raise certain defenses including personal jurisdiction. ECF No. 9643 at 3.

**Anderson Kill P.C.**

The Honorable George B. Daniels
The Honorable Sarah Netburn
November 15, 2024
Page 6

      We thank the Court for its attention to this matter.

      Respectfully submitted,

      ANDERSON KILL P.C.

      By: /s/ Jerry S. Goldman
      JERRY S. GOLDMAN
      1251 Avenue of the Americas
      42nd Floor
      New York, NY 10020
      Tel.: (212) 278-1000
      Email: jgoldman@andersonkill.com
      *Attorneys for the Plaintiffs*

cc:    All MDL Counsel of Record (via ECF)